UNITED STATES OF AMERICA
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-cv-P92-JHM

**MATTHEW ANDREW ADAMS**                                                                **PLAINTIFF**

**v.**

**DAVIESS COUNTY DETENTION CENTER**                                          **DEFENDANT**

### MEMORANDUM OPINION

*Pro se* Plaintiff Matthew Andrew Adams filed an *in forma pauperis* 42 U.S.C. § 1983 complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed.

### I. STATEMENT OF CLAIM

Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), alleges that the temperature in his cell is too low.  He alleges that there have been "to[o] many times to count" when he was able to see his breath.  He further states that he "can't feel [his] hands and feet having to fill water bottles with hot pot water to keep myself warm along with other inmates doing the same."  According to the complaint, inmates "are able to put on the kiosk how cold it is and it sometimes get adjusted but it never seems to stay comfortable for long before it gets freezing in here again."  He states that he was told by a correctional officer that "something has to be wrong with the system because when it gets adjusted a few degrees one way it gets really cold and a few degrees the other way it gets to[o] warm."  Plaintiff posits that the problem may be that the thermostat is not inside the cell.

Plaintiff makes no request for relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  Here, Plaintiff fails to allege a violation of a constitutional right.

Plaintiff alleges that the temperature in his cell is often cold enough for him to see his breath; that he and other inmates use hot water bottles to keep warm; and that, although he and other inmates are able to request via the prison kiosk to have the temperature adjusted, the increased temperature per their requests does not last long, perhaps because the thermostat is not in the cell.

The Constitution does not mandate comfortable prisons.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "[C]onstitutionally adequate housing is not denied simply by uncomfortable temperatures inside cells, unless it is shown that the situation endangers an inmate's health." *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122-23 (M.D. Tenn. 1982).

This is not a situation in which Plaintiff alleges that prison officials exposed him to temperatures that were close to freezing and failed to provide him adequate clothing and blankets.  *See Franklin v. Franklin*, No. 97-4365, 2000 WL 687434, at *4 (6th Cir. May 16, 2000) (holding that allegations that prison officials exposed prisoner to temperatures that were close to freezing and failed to provide him adequate clothing and blankets alleged a constitutional violation).  Plaintiff states that he has access to hot water bottles to warm himself and a means, although imperfect, to request that the temperature be adjusted.  Moreover, Plaintiff alleges no physical injury due to the allegedly cold temperatures.  *See Watson v. Curley*, No. 2:12-cv-259, 2012 WL 6019498, at *4 (W.D. Mich. Dec. 3, 2012) (noting that plaintiff had failed to allege physical injury in claim regarding cold temperature in prison).  In short, Plaintiff has failed to state a claim with regard to the allegedly cold temperature in his cell.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: November 9, 2020

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
　　Daviess County Attorney
4414.009

4